**UNITED STATES of America,
Plaintiff,**

v.

**Randy P. TURNER d/b/a "Turner's Big
Game Processing", Defendant.**

No. 98–80490.

United States District Court,
E.D. Michigan,
Southern Division.

May 3, 1999.

Kashna Digle, Asst.U.S.Atty., Detroit, MI, for Plaintiff.

Andrew Wise, Federal Defender, Detroit, MI, for Defendant.

**MEMORANDUM OPINION AND OR-
DER DENYING DEFENDANT'S
MOTION IN LIMINE FOR SPE-
CIAL JURY INSTRUCTION**

EDMUNDS, District Judge.

This matter came before the Court on Defendant's motion in limine requesting a special jury instruction. For the reasons set forth below, the Court DENIES Defendant's motion.

Defendant, in a First Superseding Indictment, is charged with a one-count violation of the Federal Meat Inspection Act, 21 U.S.C. § 610(a). Section 610(a) prohibits the slaughter or preparation of any meat articles "which are capable of use as human food *at any establishment preparing any such articles for commerce,* except in compliance with the requirements of this chapter". (Emphasis Added).

The indictment charges that Defendant, "doing business as Randy's Big Game Processing," was engaged in the business of slaughtering cattle and swine and preparing meat and meat food products of cattle and swine (meat articles) for commerce; that Defendant operated as a custom exempt slaughterer and preparer of meat articles; and that Defendant violated § 610(a) of the Act by failing to plainly mark custom prepared meat articles "Not for Sale" and failing to maintain and operate his business establishment in a sanitary manner. In its response, the Government explains that Defendant Turner operated what is known in the meat industry as a custom exempt facility. Defendant's "Turner's Big Game Processing" custom meat processing establishment was exempt from certain statutory and regulatory requirements pursuant to § 623 of the Act so long as certain statutory conditions were satisfied; i.e., meat articles were properly labeled, and the facility was operated and maintained in a sanitary manner.

Defendant's business operated as follows. Customers would bring Defendant their cattle or swine (raw product). For a fee, Defendant would slaughter and pro-

cess the cattle or swine and provide his customers with the finished, prepared meat articles (finished product). On February 9, 1995, inspectors from the U.S. Department of Agriculture visited Turner's facility in Brown City, Michigan, discovered that the facility was operated and maintained in an unsanitary manner, discovered adulterated meat products, and discovered custom meat articles had not been labeled "Not for Sale."

This matter comes before the Court on Defendant's motion in limine requesting that the Court give the following jury instruction:

The prosecution must prove beyond a reasonable doubt that Mr. Turner knowingly prepared meat articles for commerce. "For commerce" means that, after its preparation, the meat was to be sold, traded, or transported to a third party.

The essence of Defendant's proposed jury instruction is that § 610(a) does not apply to custom businesses such as his because the final meat articles he produces are not later sold to the public. Defendant argues that § 610(a) applies only to establishments that produce meat articles "for commerce" and thus is limited to establishments that prepare at least some meat articles that will later be sold, traded or transported to someone other than the owner of the unprocessed cattle or swine (third parties).

The statute cannot be read in the manner Defendant advocates. Under Defendant's reading of the Act, custom operations would always be exempt from the inspection, adulteration and misbranding portions of the Act. That reading would render meaningless the last half of § 623(a) and all of § 623(d) which clearly contemplates custom slaughtering and preparation of meat articles that are not subsequently sold, traded or transported to third parties. See 2A Norman J. Singer, Statutes and Statutory Construction § 45.12 at 61 (1992) ("[A]n interpretation which emasculates a provision of a statute is not preferred.")

In his Reply, Defendant Turner, apparently recognizing the logic of the Government's response, changes the focus of his argument. He now asserts that the statute applies only to businesses that conduct both custom and "for sale" operations. He further asserts that when a business establishment, such as his, solely conducts "custom" operations, it is not preparing meat articles "for commerce" because the prepared meat articles are not later sold to third parties. Defendant's interpretation reads the terms "for commerce" too narrowly. The plain meaning of the term "commerce" includes money-for-services exchanges between business owners and customers similar to the one at issue here. Defendant likewise reads the word "consumer" too narrowly. Turner's customers are no less "consumers" of the finished, prepared meat articles than are customers in a supermarket. Accordingly, they too are entitled to the protection provided by the Act. There is no statutory support for Defendant's argument that the Act is not designed to protect consumers of custom butchered meat articles from adulterated meat articles prepared in business establishments that were operated and maintained in an unsanitary manner. In fact, the regulations promulgated by the U.S.D.A. (U.S. Department of Agriculture), contemplate that custom-exempt facilities, such as Defendant Turner's, may involve all "custom" operations or a mix of "custom" and "for sale to the public" operations. See 9 C.F.R. § 303.1(a)(ii) ("If the custom operator prepares or handles any products for sale, they are kept separate and apart from the custom prepared products at all times while the latter are in his custody")(emphasis added); § 303.1(a)(iv) ("If exempted custom slaughtering or other preparation of products is conducted in an official establishment, all facilities and equipment in the official establishment used for such custom operations shall be thoroughly cleaned and sanitized before they are used for preparing any products for sale." [Emphasis added.] An "official establishment", unlike exempt custom fa-

cilities, is an establishment not exempt from the full inspection requirements provided under the Act.) These regulations would be meaningless under Defendant's interpretation of the Act.

For the foregoing reasons, Defendant's motion is DENIED.